JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ROBERT CERAMI, on behalf of himself and on behalf of a Class of all other persons similarly situated,<br>　　　　　Plaintiff,<br>　vs.<br>METLIFE INC., an unknown business organization; METLIFE BANK, N.A., an unknown business organization; METLIFE HOME LOANS, INC., an unknown business organization; and DOES 1 to 500, Inclusive,<br>　　　　　Defendants. | Case No.: SACV 11-00681-CJC(MLGx)<br><br>JUDGMENT AND ORDER OF FINAL APPROVAL AND DISMISSAL |

The Court has received and considered the proposed Amended Joint Stipulation and Settlement Agreement (hereinafter the "Settlement Agreement")[1]; has previously granted preliminary approval of the class settlement that provided for conditional class certification; has been informed by declarations that notice of the settlement has been provided to the Class (as defined below); has held a fairness hearing at which all parties appeared by their Counsel and at which the Class Members were afforded the opportunity to object to the proposed settlement; has received and reviewed briefing and evidence as to why the proposed settlement is fair, adequate and in the best interests of the represented class; and has considered all other arguments and submissions in connection with the proposed settlement.

---

[1] Undefined capitalized terms used herein have the same meaning ascribed to them in the Settlement Agreement.

**NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Settlement Agreement and the terms therein are fair, just, reasonable and adequate as to the settling parties, including the California Settlement Classes, and is hereby finally approved in all respects. The parties are hereby directed to perform the terms of the Settlement Agreement.

2. Solely for the purposes of effectuating the Settlement, the Court hereby certifies the California Settlement Classes, defined as follows:

    a) "California Overtime Class" means all persons who were employed by Defendants in California as Forward Mortgage Consultants at any time during the Class Period and whose earnings were not equal to or greater than two times their minimum draw against commissions on an annualized basis.

    b) "California 2802 Class" means all persons who were employed by Defendants in California as Forward Mortgage Consultants during the Class Period.

    For the reasons stated in the Preliminary Approval Order, the Court finds that the California Settlement Classes meet the legal requirements for class certification under Federal Rule of Civil Procedure 23 ("Rule 23").

3. In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the California Settlement Classes have been given proper and adequate notice of the Settlement Agreement and the Final Fairness Hearing, such notice having been carried out in accordance with the Preliminary Approval Order. The Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order (a) were appropriate and

reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (b) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.

4. The Court hereby approves the Settlement as set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate, and reasonable and is hereby finally approved in all respects.  The Court makes this finding based on a weighing of the strength of Plaintiffs' claims and Defendants' defenses with the risk, expense, complexity, and duration of further litigation.  The Court also finds that the Settlement is the result of non-collusive arms-length negotiations between experienced counsel representing the interests of the Settlement Class and Defendants, after thorough factual and legal investigation.  In granting final approval of the Settlement, the Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the California Class Members, and the fact that the Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.  Additionally, the Court finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual California Class Member.  The Court further finds that the response of the California Classes to the Settlement supports final approval of the Settlement.  Specifically, no Class Member objects to the Settlement.  Accordingly, pursuant to Rule 23(e), the Court finds that the terms of the Settlement are fair, reasonable, and adequate to the California Classes and to each Class Member.  The Court also hereby finds that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement under Rule 23.

5. The Motion for Final Approval is **GRANTED**, and the Settlement Agreement hereby is **APPROVED** as fair, reasonable, adequate to members of the California Settlement Classes, and in the public interest. The parties are directed to consummate the Settlement Agreement in accordance with its terms.

6. The Class Administrator, Rust Consulting, shall be paid in accordance with the terms of the Settlement Agreement.

7. The Court hereby enters judgment approving the terms of the Settlement Agreement and ordering that the Lawsuit be dismissed on the merits with prejudice in accordance with the Settlement. The Complaint is dismissed on the merits with prejudice on a class-wide basis. This document shall constitute a final judgment for purposes of Federal Rule of Civil Procedure, Rule 58.

8. Without affecting the finality of the Judgment, the Court shall retain jurisdiction of this action for the purpose of resolving any disputes that may arise as to the implementation of the monetary relief terms of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED:   February 4, 2013

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE